{¶ 54} I disagree with the majority's resolution of the fifth assignment of error. Criminal procedure is a constant tug-of-war between the efforts of law enforcement to prosecute lawbreakers and the safeguarding of the constitutional rights of the citizenry. The requirement of a search warrant helps address this delicate balance by ensuring that police establish probable cause in order to invade a citizen's privacy. Given the practical aspects of police work, narrowly defined exceptions to the requitement of a search warrant have been created to assist police in their efforts against crime. The State, however, has a perpetual obligation to demonstrate that a warrantless search was valid. That burden was not overcome in the instant case.
 {¶ 55} In somewhat broad dicta, upon which the majority partially relies, the U.S. Supreme Court stated that "[i]t is also plain that searches and seizures that could be made on the spot at the time of arrest may be legally conducted later when the accused arrives at the place of detention." U.S. v. Edwards (1974), 415 U.S. 800, 94 S.Ct. 4. In Edwards, the Court upheld the validity of a police search of the accused's clothes at the station house approximately ten hours after the arrest.
 {¶ 56} Few courts, however, have addressed the legitimacy of allowing police to *Page 18 
search a cellular phone for evidence incident to an arrest. InUnited States v. Finley (C.A. 5, 2007), 477 F.3d 250, certiorari denied (2007), 127 S.Ct. 2065, 167 L.Ed.2d 790, as noted by the majority, the court held that the search of the defendant's cell phone was lawful as incident to an arrest. The court concluded that the cellular phone was analogous to a container that could lawfully be searched as part of a search incident to an arrest, pursuant to New York v. Belton (1981),453 U.S. 454, 101 S.Ct. 2860. Because the search took place only after a short time had elapsed between the accused's arrest and transport to the new location, the court found that the search was substantially contemporaneous. 477 F.3d at 260, n. 7. Additionally, because the cellular phone was found on the accused's person, the court citingEdwards, above, placed the cellular phone into the category of a search of the accused's person or clothing rather than a search of a possession within the immediate control of the accused. Id.
 {¶ 57} In United States v. Park (N.D. Cal. 2007), No. CR 05-375 SI,2007 WL 1521573, a federal district court reasoned otherwise when addressing the warrantless search of a cellular phone. In Park, the accused's cellular phone was removed from him not at the time of the arrest but rather when he was entering into the police station as part of the booking process. Park at *2. The phone was subsequently searched by police detectives for call records and other evidence of the accused's drug crime. Id. The court noted the decision inFinley, but disagreed that a cellular phone should be characterized as part of the accused's person but rather, as a "possession within an arrestee's immediate control." Id. At *8. In essence, the Park court limited the broad dicta of Edwards to possessions that could "be characterized as an element of the clothing." Id. at 7. The court further distinguished Finley because the search there was *Page 19 
more contemporaneous with the arrest. Id.
 {¶ 58} In holding that the cellular phone should be categorized as the more protected category of possessions within an arrestee's immediate control, the Park court cited the privacy concerns inherent in modern cellular phones. The court noted that modern cellular phones "have the capacity for storing immense amounts of private information. Unlike pagers or address books, modern cellular phones record incoming and outgoing calls, and can also contain address books, calendars, voice and text messages, email, video and pictures." Id. at *8.
 {¶ 59} The majority holds that the warrantless search of Smith's cell phone was a search of his person incident to a lawful arrest. Explicitly mentioned in their holding is that the search of the cell phone was substantially contemporaneous with Smith's arrest so as to fall under an exception to the warrant requirement. The justification for such a search is for the protection of police (to secure items which might be used to injure the officer or effectuate an escape). Preston v. UnitedStates (1964), 376 U.S. 364, 367, 84 S.Ct. 881. A second basis upon which to conduct a search incident to an arrest is to prevent the destruction of evidence of crimes where said evidence is on the accused's person or within his immediate control. Id. Normally, a search incident to an arrest must be made contemporaneously with the arrest of the accused. "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." Id., citing Agnello v. United States (1925),269 U.S. 20, 31, 46 S.Ct. 4.
 {¶ 60} For a valid search incident to an arrest, there are two justifications — 1) to protect the police from weapons or prevent the escape of the defendant, and 2) to *Page 20 
preserve evidence of criminal activity. Here, the second justification is relevant to the search of Smith's cellular phone.
 {¶ 61} The search of Smith's phone could not be regarded as contemporaneous. Smith's cellular phone was removed from him at the time of his arrest, but it is not apparent from the record that it was searched at or near that time. Smith was removed from the scene and booked into the jail. The police were on the scene of the arrest for as much as two hours after his arrest. No one testified with certainty as to whether the cellular phone was searched at the scene of the arrest. The detectives were certain at trial, however, that they searched the cellular phone several hours later at the station house. Several hours is not substantially contemporaneous. Additionally, the search was conducted after the accused was booked in jail and after the police had exercised complete custody over the cellular phone. Because the search was not contemporaneous, an exception to the warrant requirement must be affirmatively established.
 {¶ 62} The modern cellular phone is unlike most other things that the average citizen normally transports with him or her. It has the capacity to store and display great amounts of information: names, phone numbers, addresses, text messages, e-mails, photographs, videos. Those are some of the more basic features. Modern "smart phones" or "PDAs" can connect to a business server and access corporate data. An internet capable phone might record web browsing history. Music mp3s can be purchased, stored, and played. The divide between the personal computer and the cellular phone appears to be diminishing by the day.
 {¶ 63} The fact that the modern cellular phone is increasingly akin to a modern *Page 21 
personal computer shows that unless directed otherwise, the cellular phone should be placed in the more protected category of possessions within the immediate control of the accused. As the court inPark commented, "[a]ny contrary holding could have far ranging consequences." Park, 2007 WL 1521573 at *8. Strong privacy interests in the contents of a cell phone should not lay dormant until the police get around to searching it. Once contemporaneity is lost, the justifications for a valid search incident to arrest have little meaning. The police should obtain a search warrant, just as they would when they seize a personal computer from an accused.
 {¶ 64} Additionally, the State of Ohio has not established any facts that would justify a non-contemporaneous warrantless search of the phone. No one testified at the motion to suppress regarding any concerns that evidence or data from the cellular phone may have been lost or deleted if the police were required to postpone their search of the cell phone and obtain a warrant. Furthermore, the search was conducted after the accused was booked into the jail, and the police had exclusive control and custody of the cell phone.
 {¶ 65} I conclude that the data retrieved from the cellular phone should have been suppressed as the result of a warrantless search. The State did not affirmatively establish that the search of the cell phone was contemporaneous with Smith's arrest as is necessary for a valid search incident to an arrest, nor did it establish that the search was justified by any other exceptions to the warrant requirement. Thus, I would reverse the trial court's decision which overruled Smith's motion to suppress in part.
 {¶ 66} Further, in a circumstantial case of this nature, the introduction of this evidence, obtained in contravention of the Fourth Amendment, was highly prejudicial, thus warranting a new trial. I would reverse and remand. *Page 1